No. 25-13761-EE (Lead)
Nos. 25-13762; 25-13763; 25-13765; 25-13766; 25-13768; 25-13769;
25-13770; 25-13771; 25-13772; 25-13773

United States Court of Appeals
for the Eleventh Circuit

Blomquist Holdings, LLC,
Crestlawn Investors, LLC,
Tax Matters Partner

Petitioner,

Adam Silbiger, *et al.*,

Appellants,

v.

Commissioner of Revenue,

Appellee/Respondent.

Appeal from the United States Tax Court - Docket No. 8015-21

Hon. Judge Elizabeth A. Paris

**APPELLANTS' OPENING BRIEF**

Ryan C. Pulver
Pulver Law, LLC
1360 Peachtree St. NE
Suite 900
Atlanta, Georgia 30309
*Attorney for Appellant*

**CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellants Adam Silbiger, et al. submit the following list of all persons and entities known to have an interest in the outcome of this appeal:

Abernathy, Logan, Counsel for Petitioner

Bachini, Eugene, Appellant

Bessent, Scott, Commissioner, Internal Revenue Service, Appellee

Blomquist Holdings, LLC, Petitioner

Bradley, Christopher D., Office of Chief Counsel, Internal Revenue Service

Bresch, Drea, Appellant

Cleverdon, Edwin B., Office of Chief Counsel, Internal Revenue Service

Commissioner of Internal Revenue, Appellee

Crestlawn Investors, LLC, Tax Matters Partner, Petitioner

Dentons Sirote, Counsel for Blomquist/Crestlawn

Ellis, Emily C., Counsel for Petitioner

Green, Sarah E., Counsel for Petitioner

Hall, Brian, Appellant

Haungs, Michael, Tax Division, United States Department of

Justice, Counsel for Appellee

Jackson, Joel, Appellant

Jackson, Sidney, Counsel for Petitioner

Jaraysi, Olla F. Counsel for Petitioner

Kies, Kenneth, Office of Chief Counsel, Internal Revenue

Service

Levin, Michelle, Counsel for Petitioner

Loesch, Erik, Appellant

Nadel, Nicole, Appellant

Paris, Elizabeth Crewson, Judge, United States Tax Court

Pollock, Tim, Appellant

Pulver, Ryan, Counsel for Appellants, Pulver Law

Rhodes, Gregory, Counsel for Petitioner

Roush, Thomas, Appellant

Semenoff, Anatoli, Appellant

Sheehan, Anthony T., Counsel for Appellee

Shieldes, Russell, Scott, Office of Chief Counsel, Internal

Revenue Service

Silbiger, Adam, Appellant

Struble, John, Appellant

Wimberly, Mark, Appellant

Appellants are not publicly traded companies nor is Counsel aware of any publicly traded company that has an interest in the outcome of this case or appeal.

Ryan Pulver
Counsel for Appellants
Pulver Law LLC
1360 Peachtree Street Northeast
Suite 900
Atlanta, Georgia 30309
(470) 851-3363
ryan@pulver-law.com

**Statement Regarding Oral Argument**

Appellants respectfully request oral argument. This appeal presents threshold questions regarding the Tax Court's authority to impose requirements not found in governing texts and raises issues of first impression in this Circuit concerning TEFRA's application to indirect partners challenging inadequate settlements. The Court's resolution of these jurisdictional and interpretive questions will determine whether substantial indirect partners can ever participate in partnership-level proceedings after discovering that their Tax Matters Partner has agreed to an unfavorable settlement. Oral argument would assist the Court in resolving these novel procedural and statutory interpretation questions.

# Table Of Contents

                                                           **Page**

Statement Regarding Oral Argument ....................................................... i

Table of Contents ..................................................................... ii

Table of Citations ................................................................... iv

Jurisdictional Statement ........................................................... viii

Statement of the Issues ................................................................1

Statement of the Case .................................................................2

Standard of Review ....................................................................7

Summary of the Argument ...............................................................9

Argument .............................................................................14

    I.    The Tax Court Erred by Imposing a "Substantial Showing" Requirement That Appears Nowhere in Tax Ct. R. 248(b)(4) .....................................14

        A.  The Plain Text of Tax Ct. R. 248(b)(4) Contains No "Substantial Showing" Requirement ........................................................14

        B.  *Ballard v. Commissioner* Prohibits Imposing Requirements Not Found in the Rule Text.................................................................16

        C.  The Requirement Contradicts Tax Ct. R. 34 and U.S. Tax Ct. Form 12, Which Define What Partners Must Show....................................21

    II.   Tax Ct. R. 248(b)(4) Exists for Partners Who Did Not Participate Earlier—The Tax Court's Contrary Rationale Nullifies the Rule and Defeats TEFRA's Purpose ......................................................22

        A.  Tax Ct. R. 248(b)(4) Is "Operative Only After" the Tax Ct. R. 245(b) Window Expires—And Appellants Filed Timely Under Its Own Deadline................................................................23

   B. TEFRA's Legislative Design Contemplates Partner Reliance on the
    TMP Until Representation Fails ........................................................23

   C. 26 U.S.C. § 6226(c) Provides an Unqualified Statutory Right to
    Participate ........................................................................................28

  III. Even If a "Substantial Showing" Were Required, Appellants Satisfied
    That Standard ....................................................................................30

   A. The "Substantial Showing" Standard Requires Genuine Commitment
    to Litigate, Not Proof of the Merits ..................................................30

   B. Appellants Far Exceeded That Standard............................................31

   C. The Tax Court's Denial Rests on Mischaracterization of the Record
    and Legal Error ................................................................................33

Conclusion................................................................................................36

Certificate Of Compliance.........................................................................39

Certificate Of Service ...............................................................................40

**Addendum Pursuant to Fed. R. App. P. 28(f)**

26 U.S.C. § 6226 (2017)

Tax Ct. R. 248

Tax Ct. R. 245

U.S. Tax Ct. Form 12, Notice of Election to Participate (2025)

# Table of Citations

**Page(s)**

**Cases**

**United States Supreme Court**

*Ballard v. Comm'r of Internal Revenue*,
544 U.S. 40 (2005)......................................................7, 9, 14, 16, 17*

*Hardt v. Reliance Standard Life Ins. Co.*,
560 U.S. 242 (2010)..............................................................9–10, 15

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
530 U.S. 1 (2000)..................................................................28

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)..............................................................35

*Stringfellow v. Concerned Neighbors in Action*,
480 U.S. 370 (1987)............................................................. ix

*United Airlines, Inc. v. McDonald*,
432 U.S. 385 (1977)..............................................................11, 26

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..............................................................22

**United States Courts of Appeals**

*Callaway v. Comm'r*,
231 F.3d 106 (2d Cir. 2000) ......................................................28–29

*Comm'r v. Neal*, 557 F.3d 1262
(11th Cir. 2009)..................................................................7

*Crawford & Co. v. Apfel*, 235 F.3d 1298
(11th Cir. 2000)................................................................. ix

iv

*Daniels v. Select Portfolio Servicing, Inc.*,
    34 F.4th 1260 (11th Cir. 2022) ...........................................23

*Estate of Blount v. Comm'r*,
    428 F.3d 1338 (11th Cir. 2005) ...........................................7

*Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*,
    983 F.2d 211 (11th Cir. 1993) ................................... viii, 7

*Huff v. Comm'r*,
    743 F.3d 790 (11th Cir. 2014) ...............................7, 12, 18–20, 29, 36

*In re 2 Monkey Trading, LLC*,
    142 F.4th 1323 (11th Cir. 2025) ...........................................23

*In re Nat'l Football League Players Concussion Injury Litig.*,
    775 F.3d 570 (3d Cir. 2014) ...............................................20

*Keener v. United States*,
    551 F.3d 1358 (Fed. Cir. 2009) ........................................... ix

*Monahan v. Comm'r*,
    321 F.3d 1063 (11th Cir. 2003) ...........................................25

*Ocmulgee Fields, Inc. v. Comm'r*,
    613 F.3d 1360 (11th Cir. 2010) ...........................................7

*Plaintiff A v. Schair*,
    744 F.3d 1247 (11th Cir. 2014) ........................................... ix

*Sarma v. Comm'r*,
    45 F.4th 1312 (11th Cir. 2022) ...........................................28, 37

*Singh v. U.S. Att'y Gen.*,
    945 F.3d 1310 (11th Cir. 2019) ...........................................23

*Sunshine State Reg'l Ctr., Inc. v. Dir., U.S. Citizenship & Immigr. Servs.*,
    143 F.4th 1331 (11th Cir. 2025) ...................................11, 35

*Transpac Drilling Venture 1982-12 v. Comm'r,*
147 F.3d 221 (2d Cir. 1998) .........................................................11, 26

*United States v. Miles*,
75 F.4th 1213 (11th Cir. 2023) ...........................................................23

**United States Tax Court**

*Blomquist Holdings, LLC v. Comm'r*
165 T.C. No. 6 (2025) ...................................................................32, 34

*Cambridge Partners, L.P. v. Comm'r*
T.C.M.  2017-194 (2017) ...............................................................25–26

*Chimney Rock Holdings, LLC v. Comm'r*,
T.C.M. 2025-39 (2025) .....................................................31, 32, 35, 36

*Estate of Mitchell v. Comm'r*,
T.C.M. 2011-94 (2011) .....................................................................35

*Oceanic Leasing v. Comm'r*,
T.C.M. 1996-458 (1996) ...........................................................1, 12, 30

*Prince Manor Apartment Assocs. v. Comm'r*,
T.C. Dkt. No. 23574-06 (Order filed Dec. 1, 2008) ..........................26

**Statutes**

26 U.S.C. § 67 (2025)  ...............................................................4, 34

26 U.S.C. § 6221 (2025) ................................................................. ix

26 U.S.C. § 6226 (2017)…..ix, 1, 5, 7, 10, 12–14, 16, 19–21, 29, 30, 36, 37*

26 U.S.C. § 6230(l) (2017) ...............................................................19

26 U.S.C. § 6231(a)(2) (2017) ........................................................28

26 U.S.C. § 6662(h) (2025)..............................................................4

26 U.S.C. § 7482(a)(1) (2025) ................................................................... viii

Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, 96 Stat. 324 (1982)...................................................... viii, 11, 25–27, 37

## Rules

Tax Ct. R. 1(d) (2025)............................................................................12, 19

Tax Ct. R. 34 (2025) .......................................................................10, 21, 22

Tax Ct. R. 245 (2025) .........................................1, 4, 5, 9, 10, 15, 16, 21–25

Tax Ct. R. 248 (2025) ..........................1, 5, 7–12, 14–16, 18–20, 22–27, 36*

U.S. Tax Ct. Form 12, Notice of Election to Participate (2025).....10, 21, 22*

## Other Authorities

Notes to the 1988 Amendments, 90 T.C. 1376 (1988) ..................10, 19, 24*

## Jurisdictional Statement

The Tax Court had jurisdiction over the underlying partnership proceeding under 26 U.S.C. § 6226 (2017), which authorizes judicial review of partnership items determined at the partnership level pursuant to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96 Stat. 324 (1982) ("TEFRA").

This Court has jurisdiction under 26 U.S.C. § 7482(a)(1) (2025), which provides that courts of appeals shall review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." The Tax Court denied Appellants' motions for leave to participate on September 18, 2025. Appellants timely filed notices of appeal on September 19, 2025.

The September 18 order is immediately appealable. This Court has jurisdiction under two independent doctrines: the collateral order doctrine and this Circuit's anomalous intervention rule established in *Federal Savings & Loan Insurance Corp. v. Falls Chase Special Taxing District*, 983 F.2d 211 (11th Cir. 1993). Although the order did not end the underlying partnership litigation on the merits, it conclusively and permanently forecloses Appellants from exercising their statutory participation rights in the only forum where the charitable contribution deduction can be adjudicated. Under TEFRA, partnership items "shall be determined at the partnership level," and cannot be relitigated in any subsequent proceeding. 26

U.S.C. § 6221(a) (2025); *Keener v. United States*, 551 F.3d 1358, 1364 (Fed. Cir. 2009).

The order satisfies all three prongs of the collateral order doctrine. *Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014). First, the order is effectively unreviewable on appeal from final judgment. Appellants are statutory parties under Section 6226(c) (2017), which provides that partners "shall be treated as a party" to partnership-level proceedings. The Tax Court's denial prevents them from exercising those rights, and there will be no appeal by existing parties—both the Tax Matters Partner and Commissioner obtained the settlement they bargained for. Unlike *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987), where would-be intervenors were granted permissive intervention and remained able to protect their interests and appeal the final judgment, Appellants here have been completely excluded from the proceeding with no avenue for future appellate review.

Second, the order conclusively determines the disputed question—whether Appellants may exercise their statutory participation rights—leaving no aspect open for further proceedings. *See Crawford & Co. v. Apfel*, 235 F.3d 1298, 1303 (11th Cir. 2000) (holding intervention determination conclusively decided and immediately appealable). Third, the participation question is completely separate from the merits of the conservation easement dispute. Whether the Tax Court correctly interpreted Tax Ct. R. 248(b)(4) (2025) 's requirements requires analyzing

procedural rules and TEFRA's statutory framework—not the validity or valuation of the charitable contribution deduction.

Alternatively, this Court has jurisdiction under its "anomalous" intervention rule, which grants "provisional jurisdiction to determine whether the district court erroneously concluded that the appellant was not entitled to intervene." *Fed. Sav. & Loan Ins. Corp.*, 983 F.2d at 214. Congress's directive that Tax Court decisions be reviewed "in the same manner" as district court decisions necessarily incorporates this Circuit's rules governing appealability—including *Falls Chase*. If the Court determines the Tax Court erroneously denied participation, jurisdiction is retained and the ruling must be reversed; if the denial was correct, jurisdiction disappears.

**Statement of the Issues**

**1.** Whether the Tax Court erred by imposing a "substantial showing" requirement that appears nowhere in Tax Ct. R. 248(b)(4)'s text, in violation of *Ballard v. Commissioner*, 544 U.S. 40 (2005).

**2.** Whether the Tax Court erred in faulting Appellants for not participating earlier under Tax Ct. R. 245(b) (2025), when Tax Ct. R. 248(b)(4) exists specifically for partners who did not participate during that window and § 6226(c) grants an unqualified statutory right to participate.

**3.** Whether, even if a "substantial showing" were required, Appellants satisfied that standard by retaining specialized counsel, engaging experts, forming a litigation entity, and articulating substantive objections to the settlement—far exceeding the showing found insufficient in *Oceanic Leasing v. Commissioner*, T.C.M. 1996-458 (1996).

## Statement of the Case

### A. Procedural History

This appeal arises from a Tax Equity and Fiscal Responsibility Act (TEFRA) partnership proceeding in the United States Tax Court. Blomquist Holdings, LLC, a Georgia limited liability company organized in January 2015 and treated as a TEFRA partnership for federal income tax purposes, donated a conservation easement in 2017 and claimed a $53,862,117 charitable contribution deduction. (Doc. 364 at 3.) On February 22, 2021, the Commissioner issued a Final Partnership Administrative Adjustment (FPAA) disallowing $53,830,000 of the deduction and determining a 40% gross valuation misstatement penalty. (Doc. 364 at 3-4.)

Crestlawn Investors, LLC, a Georgia limited liability company serving as Blomquist Holdings' Tax Matters Partner (TMP), timely filed a Petition for Readjustment of Partnership Items on May 20, 2021. (Doc. 1.) The Commissioner answered on September 13, 2021. (Doc. 5.)

After nearly three years of litigation, the Commissioner offered a settlement proposal on January 17, 2024. (Doc. 364 at 4.) Crestlawn accepted on behalf of Blomquist Holdings by letter dated April 19, 2024. (Doc. 364 at 4.) On June 20, 2024, the Commissioner filed a Motion for Entry of Decision with a Proposed Decision reflecting the settlement terms. (Doc. 364 at 4.)

Beginning August 19, 2024, thirty-nine indirect partners of Blomquist Holdings—holding a collective 21.4% ownership interest through Crestlawn—filed Motions for Leave to File Notice of Election to Participate under Tax Ct. R. 248(b)(4). (Docs. 23-24; Doc. 364 at 2-3.) These partners objected to the settlement. (Doc. 364 at 17.) The Commissioner filed a Response opposing the motions on February 5, 2025. (Doc. 281.) Appellants filed individual Responses by May 2, 2025. (Docs. 286-363.)

On September 17, 2025, the Tax Court issued a Memorandum Opinion denying Appellants' motions, holding that they had "not made a substantial showing as to why they should be permitted to participate at this late stage of the litigation." (Doc. 364 at 22.) The Tax Court entered its Order on September 18, 2025. (Doc. 365.) On September 22, 2025, the court entered a final Order and Decision implementing the settlement. (Doc. 367.) Twelve Appellants timely filed Notices of Appeal on October 20, 2025. (Docs. 368-378.)

## B. Statement of the Facts

Blomquist Holdings owned approximately 16.572 acres of property in Fulton County, Georgia. (Doc. 364 at 3.) In 2017, Blomquist Holdings donated a conservation easement encumbering this property and claimed a charitable contribution deduction of $53,862,117, asserting that the property's highest and best use was as a cemetery. (Doc. 364 at 3.)

The Commissioner's FPAA disallowed $53,830,000 of the charitable contribution deduction and $1,405,000 of other deductions. (Doc. 364 at 3-4.) The FPAA also determined that a 40% gross valuation misstatement penalty applied under IRC § 6662(h) (2025), along with alternative 20% penalties. (Doc. 364 at 3-4.)

None of the Appellants filed a notice of election to participate within the 90-day period provided by Tax Court Tax Ct. R. 245(b) following the May 2021 petition. (Doc. 364 at 4.) The Tax Court found that Appellants "have not asserted that they were not aware that Crestlawn timely filed a Petition in this Court." (Doc. 364 at 4.)

The settlement negotiated by the TMP provides: (1) disallowance of $53,830,000 of the charitable contribution deduction; (2) disallowance of $1,405,000 in "other deductions"; (3) allowance of an $11,657,800 "other deduction"; (4) a reduced accuracy-related penalty of 10% rather than 40%; and (5) no application of the 26 U.S.C. § 67 (2025) 2% floor on the allowed deduction. (Doc. 364 at 4.)

Appellants objected to this settlement as inadequate. In their Tax Ct. R. 248(b)(4) motions, Appellants represented that they had retained experienced tax counsel, formed a special purpose entity to coordinate litigation logistics and financing, engaged qualified experts to testify regarding valuation, articulated

substantive objections to the settlement, and demonstrated readiness to proceed to trial. (Doc. 364 at 18.)

The Tax Court acknowledged these representations but found that Appellants "have not alleged that the terms of the settlement are unreasonable or otherwise made any argument regarding the substantive facts of the case." (Doc. 364 at 18.) The court further noted that "[t]here is no indication that the Objecting Nonparticipating Partners have any evidence to show that the settlement amount is unreasonable." (Doc. 364 at 18.)

## C. Ruling Presented for Review

The Tax Court's September 18, 2025 Order denied Appellants' Motions for Leave to File Notice of Election to Participate. (Doc. 365.) The court held that: (1) nonparticipating partners' rights to participate under § 6226(c)(2) "are not absolute but are subject to the requirements of the Tax Court Rules"; (2) partners seeking leave to participate under Tax Ct. R. 248(b)(4) "must make a substantial showing as to why they should be permitted to participate"; and (3) Appellants "have not made a substantial showing as to why they should be permitted to participate in this case." (Doc. 364 at 2.)

This appeal challenges the Tax Court's imposition of a "substantial showing" requirement that appears nowhere in Tax Ct. R. 248(b)(4)'s text, the court's application of Tax Ct. R. 245(b)'s timeliness standard to Appellants' Tax Ct. R.

248(b)(4) motions, and the court's determination that Appellants failed to satisfy any applicable standard.

## Standard of Review

This Court reviews *de novo* the Tax Court's legal conclusions and interpretations of the tax code, including TEFRA provisions. *Ocmulgee Fields, Inc. v. Comm'r*, 613 F.3d 1360, 1364 (11th Cir. 2010); *Estate of Blount v. Comm'r*, 428 F.3d 1338, 1342 (11th Cir. 2005). Questions of statutory construction present pure questions of law subject to independent appellate review. *Comm'r v. Neal*, 557 F.3d 1262, 1269 (11th Cir. 2009).

This Court likewise reviews *de novo* the denial of intervention as of right—or its functional equivalent, a motion for leave to participate. *Huff v. Commissioner*, 743 F.3d 790, 795 (11th Cir. 2014); *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993). The Tax Court's denial of Appellants' Tax Ct. R. 248(b)(4) motions is subject to this same *de novo* standard.

*De novo* review governs each issue in this appeal. Whether Tax Ct. R. 248(b)(4)'s text permits the Tax Court to impose a "substantial showing" requirement is a question of rule construction. *See Ballard*, 544 U.S. 40 at 53. Whether advisory notes may create binding requirements not found in rule text is likewise a legal question. *Id.* at 59–60. And whether § 6226(c)(2)'s participation right may be conditioned on judicially created showings is a question of statutory interpretation.

This Court owes no deference to the Tax Court's conclusions on any of these questions. The Tax Court held that Tax Ct. R. 248(b)(4) requires a "substantial showing"—but the rule's text contains no such requirement. This Court independently examines whether textual silence permits the Tax Court to impose additional gatekeeping standards, or whether such judicially created barriers contravene the statute and rule they purport to implement.

## Summary of the Argument

In *Ballard*, the Supreme Court held that "the Tax Court, like all other decision-making tribunals, is obliged to follow its own Rules" and that "it is unreasonable to read into [a Tax Court Rule] an unprovided-for" requirement. 544 U.S. 40 at 59. The Court emphasized that if the Tax Court wishes to adopt new procedural requirements, it must amend its rules—and any such amendment is "subject to appellate review for consistency with the relevant federal statutes and due process." *Id.* Here, the Tax Court denied Appellants' motions for leave to participate by imposing a "substantial showing" requirement that appears nowhere in Tax Ct. R. 248(b)(4)'s text, derived solely from an advisory note. Under *Ballard*, this was error.

The rule's plain text confirms this conclusion. Tax Ct. R. 248(b)(4) specifies only three requirements: (1) who may file—any party objecting to the Commissioner's motion for entry of decision; (2) when—within 60 days; and (3) what to file—a motion for leave accompanied by a notice of election. Appellants satisfied all three. The "substantial showing" requirement is not merely absent—it is conspicuously absent. Tax Ct. R. 245(c) explicitly requires "a showing of sufficient cause" for out-of-time participation, demonstrating that the drafters knew how to impose gatekeeping standards when they intended to. They chose not to include any standard in Tax Ct. R. 248(b)(4). Under *Hardt v. Reliance Standard Life Insurance*

*Co.*, 560 U.S. 242, 251 (2010), when a rule includes a standard in one provision but omits it from another, courts cannot supply what the drafters chose to omit.

The Tax Court's own official forms reinforce this reading. Tax Ct. R. 34(d) (2025) provides that use of a properly completed official form "satisfies the requirements" of the applicable rule. U.S. Tax Ct. Form 12 —the Notice of Election to Participate— (2025) requires only two things: a statement that the partner elects to participate and facts establishing the partner satisfies § 6226(d)'s requirements. Form 12 contains no field for "preparedness to litigate," no space for reasons why a settlement should be rejected, and no reference to any "substantial showing." Appellants complied with Form 12. The Tax Court cannot provide an official form, have partners comply with that form, and then deny participation for failing to provide information the form never requested.

The Tax Court compounded its error by faulting Appellants for not participating earlier under Tax Ct. R. 245(b). But this rationale misunderstands Tax Ct. R. 248(b)(4)'s purpose. The advisory notes themselves describe Tax Ct. R. 248(b)(4) as "operative only after" the Tax Ct. R. 245(b) window expires. Tax Ct. R. 248; Notes to the 1988 Amendments, 90 T.C. 1376 (1988). The rule exists precisely for partners who did not participate earlier but who object when the Commissioner moves for entry of decision based on a settlement. Appellants filed timely under Tax Ct. R. 248(b)(4)'s own 60-day deadline. The Tax Court's

interpretation—requiring prior participation under Tax Ct. R. 245(b)—would render Tax Ct. R. 248(b)(4) superfluous. If partners must participate earlier anyway, Tax Ct. R. 248(b)(4)'s separate deadline serves no purpose. This violates the canon against surplusage. *See Sunshine State Reg'l Ctr., Inc. v. Director, U.S. Citizenship & Immigr. Servs.*, 143 F.4th 1331, 1344 (11th Cir. 2025).

This interpretation also contradicts TEFRA's design. Congress centralized partnership taxation through the Tax Matters Partner precisely so that individual partners would not need to participate in every proceeding. Partners are entitled to rely on the TMP—who acts as a fiduciary—until that representation fails. *Transpac Drilling Venture 1982-12 v. Comm'r*, 147 F.3d 221, 225 (2d Cir. 1998). Tax Ct. R. 248(b)(4) provides the safety valve for exactly this situation: partners who relied on the TMP but object when the TMP consents to a settlement that does not protect their interests. Appellants acted precisely as this framework contemplates, moving to participate as soon as the TMP's representation failed. The Supreme Court approved analogous conduct in *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977), holding that parties may rely on representatives until that representation fails, and that the "critical fact" is whether they moved promptly once their interests were no longer protected.

The extra-textual requirement is particularly problematic because Appellants are not third-party intervenors seeking discretionary admission—they are statutory

parties. Section 6226(c) provides that partners "shall be treated as a party" and that the court "shall allow" their participation. This mandatory language leaves no room for judicially-created barriers. This Court recognized in *Huff,* that Tax Ct. R. 1(d) (2025) requires rules "be construed to secure the just ... determination of every case," and that "novelty is [not] a sufficient justification to deny a party's right to participate." 743 F.3d at 801. The "substantial showing" requirement does exactly that—it conditions a statutory right on satisfying a standard found only in an advisory note.

Even assuming the advisory note could create a binding requirement—which, under *Ballard*, it cannot—Appellants satisfied any reasonable standard. They were 39 partners representing 21.4% collective ownership who retained experienced tax counsel, formed a special purpose entity to coordinate litigation, filed timely, stated readiness to proceed to trial, and articulated substantive objections: the TMP has disqualifying conflicts of interest due to a Senate Finance Committee investigation, the settlement significantly undervalues the conservation easement, and the vote-counting process was dubious. Unlike *Oceanic Leasing*—where a single partner sought participation solely to raise a jurisdictional technicality—Appellants seek to litigate the substantive merits. The Tax Court's denial cannot be sustained even under the standard it purported to apply.

The Tax Court's denial should be reversed. Tax Ct. R. 248(b)(4) contains no "substantial showing" requirement; Appellants complied with the Tax Court's official form; they filed timely under the applicable rule; they possess statutory participation rights under § 6226(c); and they made the showing the Tax Court purported to require.

**Argument**

## I. The Tax Court Erred by Imposing a "Substantial Showing" Requirement That Appears Nowhere in Tax Ct. R. 248(b)(4)

The Tax Court's denial of Appellants' motions for leave to participate should be reversed. The court imposed a "substantial showing" requirement that appears nowhere in Tax Ct. R. 248(b)(4)'s text, derived solely from an advisory note that cannot create binding requirements. Under *Ballard*, 544 U.S. 40, this was legal error. Moreover, Appellants are not third-party intervenors seeking discretionary admission—they are statutory parties under § 6226(c) with a right to participate that the Tax Court was obligated to honor.

### A. The Plain Text of Tax Ct. R. 248(b)(4) Contains No "Substantial Showing" Requirement

Tax Ct. R. 248(b)(4) does not require a "substantial showing" or any showing at all. The Tax Court's imposition of this requirement contradicts the rule's plain text.

Tax Ct. R. 248(b)(4) provides:

> If any party objects to the granting of the Commissioner's motion for entry of decision, then that party shall, within 60 days from the date on which the Commissioner's motion was filed with the Court, file a motion for leave to file a notice of election to intervene or to participate, accompanied by a separate notice of election to intervene or a separate notice of election to participate, as the case may be.

The rule specifies only three procedural requirements: (1) who may file—any party who objects; (2) when—within 60 days; and (3) what to file—a motion for leave accompanied by a notice of election.

14

Where a rulemaking body includes a standard in one provision but omits it from another, the omission is presumed intentional. *Hardt*, 560 U.S. 242 at 251. In *Hardt*, the Supreme Court rejected an interpretation that added the conspicuously missing term from one statutory provision to another. *Id.* The Court held that when Congress includes limiting language in one section but not another, courts must respect that distinction. *Id.*

Tax Ct. R. 245(c) explicitly requires "a showing of sufficient cause" for out-of-time participation. Tax Ct. R. 248(b)(4) contains no comparable language—no standard, no threshold, no reference to any "showing" whatsoever. This omission is conspicuous and must be given effect under *Hardt*.

The Tax Court's approach creates an additional inconsistency. Tax Ct. R. 245(c) requires "sufficient cause" for out-of-time participation. The Advisory Note to Tax Ct. R. 248 references a "substantial showing." If the drafters intended these rules to impose the same gatekeeping requirement, they would have used the same language. The existence of two different formulations—neither appearing in Tax Ct. R. (b)(4)'s text—confirms that neither is a binding requirement of Tax Ct. R. 248(b)(4). The conspicuous use of "sufficient cause" in Tax Ct. R. 245(c) and the advisory note's reference to "substantial showing" demonstrate that the drafters knew how to articulate standards when they intended to impose them—and chose not to include any standard in Tax Ct. R. 248(b)(4)'s operative text.

Here, the Tax Court imposed a "substantial showing" requirement on Appellants' Tax Ct. R. 248(b)(4) motions despite the rule's silence on any such standard. This requirement is not merely absent from the text—it is conspicuously absent given Tax Ct. R. 245(c)'s explicit "sufficient cause" standard. Under *Hardt*, the Tax Court cannot supply what the rule drafters chose to omit.

Moreover, Tax Ct. R. 248(b)(4) uses the term "party"—and under § 6226(c)(1), partners "shall be treated as a party to such action." Appellants are statutory parties exercising rights Congress conferred, not outsiders seeking discretionary permission. The rule's plain text requires only that they file within 60 days—which they did.

Because Tax Ct. R. 248(b)(4) contains no "substantial showing" requirement, and because the omission of such a requirement was intentional given Tax Ct. R. 245(c)'s contrasting language, the Tax Court erred in imposing one.

## B. *Ballard v. Commissioner* Prohibits Imposing Requirements Not Found in the Rule Text

The Tax Court's "substantial showing" requirement violates *Ballard v. Commissioner*, which prohibits the Tax Court from imposing requirements not found in its rules' text.

In *Ballard*, the Supreme Court held that "the Tax Court, like all other decision making tribunals, is obliged to follow its own Rules." 544 U.S. at 59. The Court emphasized that "it is unreasonable to read into [a Tax Court Rule] an unprovided-

for" requirement. *Id.* If the Tax Court wishes to adopt a new procedural requirement, it must amend its rules—and any such amendment is "subject to appellate review for consistency with the relevant federal statutes and due process." *Id.*

In *Ballard*, the Tax Court had developed a practice—not disclosing special trial judge reports—that was nowhere authorized by the Tax Court Rules. The Supreme Court rejected this practice, holding that the Tax Court lacked "leeway" to impose requirements beyond those specified in its rules. *Id.* The Court explained that advisory commentary cannot substitute for actual rulemaking: if the Tax Court wants to require something, it must put that requirement in the rule itself. *Id.*

The facts in *Ballard* are directly analogous. There, the Tax Court had adopted Tax Ct. R. 183, which governed proceedings where a special trial judge hears a case but a regular Tax Court judge renders the final decision. 544 U.S. at 46-47. Tax Ct. R. 183(b) directed the special trial judge to "submit a report, including findings of fact and opinion, to the Chief Judge," and Tax Ct. R. 183(c) instructed the assigned Tax Court judge to "adopt," "modify," or "reject" that report. *Id*. The text of Tax Ct. R. 183 said nothing about a "collaborative" revision process. Yet the Tax Court had developed an informal practice—nowhere authorized in the Rule's text—of treating the special trial judge's initial report as a working draft subject to behind-the-scenes revision. *Id.* at 56-58. The Supreme Court rejected this extra-textual practice,

holding that "[h]owever efficient the Tax Court's current practice may be, we find no warrant for it in the Rules the Tax Court publishes." *Id.* at 59.

The parallel here is direct. Tax Ct. R. 248(b)(4) specifies that a party objecting to entry of decision "shall ... file a motion for leave to file a notice of election to participate" within 60 days. The Rule says nothing about a "substantial showing." Yet the Tax Court has grafted onto Tax Ct. R. 248(b)(4) a requirement derived solely from advisory notes—precisely the type of "unprovided-for" addition that *Ballard* forbids. Just as the *Ballard* Court refused to permit informal practices to override Tax Ct. R. 183's plain text, this Court should refuse to permit advisory commentary to override Tax Ct. R. 248(b)(4)'s silence.

The *Ballard* Court made clear the proper remedy: if the Tax Court wishes to impose additional requirements, "that change would, of course, be subject to appellate review for consistency with the relevant federal statutes and due process." *Id.* at 65. No such amendment to Tax Ct. R. 248(b)(4) has occurred. The "substantial showing" requirement exists only in a 1988 advisory note—not in the Rule itself.

This Court has applied *Ballard*'s reasoning in the Tax Court context. In *Huff*, this Court reversed the Tax Court's denial of intervention, holding that "novelty is [not] a sufficient justification to deny" participation when exclusion would mean the party "will be denied the opportunity to participate in any judicial determination"

affecting its interests. 743 F.3d 790 at 801. The Court emphasized that Tax Ct. R. 1(d) requires rules "be construed to secure the just ... determination of every case." *Id*. Here, the Tax Court's novel "substantial showing" requirement—derived from an advisory note rather than rule text—is precisely the kind of unjustified barrier *Huff* prohibits.

Here, the Tax Court's "substantial showing" requirement derives solely from the Notes to the 1988 Amendments, which state: "It is contemplated, however, that any objecting partners would have to make a substantial showing in order for the Court to grant their motion." Tax Ct. R. 248; 90 T.C. 1376 (1988). This is advisory commentary—not rule text. Under *Ballard*, advisory notes cannot create binding requirements that the rule itself does not impose.

Section 6230(l) authorizes the Secretary to prescribe procedural rules to implement TEFRA's partnership provisions, but this authority does not extend to abrogating or narrowing substantive rights Congress conferred elsewhere in the Code. 26 U.S.C. § 6230(l) (2017). Section 6230(l) empowers procedural mechanics—it does not license rewriting the participation rights codified in § 6226(c). *Id.* Accordingly, the Tax Court's "substantial showing" requirement exceeds any rulemaking authority conferred by § 6230(l) and cannot be justified as an exercise of the Tax Court's authority to establish procedural rules.

The requirement is particularly improper here because it contravenes Appellants' statutory rights under § 6226(c). Under *Huff*, Tax Court rules must 'be construed to secure the just ... determination of every case,' and novelty cannot justify denying participation. 743 F.3d at 801. Section 6226(c)(2) provides that the court "shall allow" partner participation—mandatory language that leaves no room for discretionary gatekeeping through judicially-created standards.

The Supreme Court has emphasized that "it is the Rule itself, not the Advisory Committee's description of it that governs." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011). The Third Circuit explained post-*Ballard* that while Advisory Committee Notes are "of weight" in interpreting rules, they are "not determinative" when the rule's text provides clear guidance. *In re Nat. Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 586 n.6 (3d Cir. 2014).

Here, Tax Ct. R. 248(b)(4)'s text is unambiguous—it requires only that objecting parties file within 60 days. Because the text is clear, the Advisory Note's "contemplat[ion]" of a substantial showing cannot override the Rule's silence on any such requirement. Because the "substantial showing" requirement appears only in an advisory note and not in Tax Ct. R. 248(b)(4)'s text, and because it contravenes Appellants' statutory participation rights, the Tax Court violated *Ballard* by imposing it.

## C. The Requirement Contradicts Tax Ct. R. 34 and Form 12, Which Define What Partners Must Show

The Tax Court's "substantial showing" requirement contradicts Tax Ct. R. 34 and Form 12, which establish that compliance with the Tax Court's official forms satisfies procedural requirements.

Tax Ct. R. 34(d) states that "[t]he use of a properly completed Form 2 (Petition) shown in the Appendix satisfies the requirements of this Rule." This principle—that compliance with official forms satisfies procedural requirements—applies to all Tax Court forms, including Form 12 (Notice of Election to Participate). Tax Ct. R. 34(a) further provides that rules "must be construed to secure the just, speedy, and inexpensive determination of cases" and to avoid "elevating form over substance."

Form 12 (Notice of Election to Participate) requires only two things: (1) a statement that the partner elects to participate pursuant to § 6226(c)(2) and Tax Ct. R. 245(b); and (2) facts establishing the partner satisfies § 6226(d) requirements—i.e., that they were a partner during the applicable period and that tax attributable to partnership items may be assessed against them. Form 12 contains no field for preparedness to litigate, no space for reasons why the settlement should be rejected, no requirement to justify the timing of participation, and no reference to any "substantial showing."

This design is consistent with the statutory framework. Section 6226(c) treats partners as parties and directs that the court "shall allow" their participation. Form 12 implements that directive by requiring only proof of party status under § 6226(d)—not a discretionary showing to obtain permission.

Appellants filed notices of election to participate based on Form 12 and supplemented their filings as directed by the Court. Yet the Tax Court denied their motions for failing to make a "substantial showing"—information Form 12 does not request. The Tax Court cannot provide an official form, have partners comply with that form, and then deny participation because the partners failed to provide information the form never requested. This is precisely the form-over-substance technicality that Tax Ct. R. 34(a) prohibits.

Because Appellants complied with Form 12's requirements, and because Form 12 does not contemplate any "substantial showing," the Tax Court erred in denying their motions on that basis.

## II. Tax Ct. R. 248(b)(4) Exists for Partners Who Did Not Participate Earlier— The Tax Court's Contrary Rationale Nullifies the Rule and Defeats TEFRA's Purpose

The Tax Court's rationale—that Appellants should have participated earlier under Tax Ct. R. 245(b)—fundamentally misunderstands Tax Ct. R. 248(b)(4)'s purpose. The rule exists precisely for partners who did not participate during the Tax Ct. R. 245(b) window. Appellants filed timely under Tax Ct. R. 248(b)(4)'s own 60-

day deadline, exercising a procedure the Tax Court Rules expressly provide for their situation.

### A. Tax Ct. R. 248(b)(4) Is "Operative Only After" the Tax Ct. R. 245(b) Window Expires—And Appellants Filed Timely Under Its Own Deadline

Tax Ct. R. 248(b)(4) was designed for partners who did not participate under Tax Ct. R. 245(b). Faulting Appellants for not participating earlier nullifies Tax Ct. R. 248 and renders its 60-day deadline meaningless.

The canon against surplusage requires courts to give effect to every provision and avoid interpretations that render provisions meaningless. *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260 (11th Cir. 2022); *United States v. Miles*, 75 F.4th 1213, 1223 (11th Cir. 2023). When a statute or rule creates a specific procedural pathway, courts must give that pathway independent meaning rather than subsuming it into another provision.

The Eleventh Circuit adheres to the principle of *lex specialis*—specific statutory provisions control over general ones. *Daniels*, 34 F.4th at 1268; *In re 2 Monkey Trading, LLC*, 142 F.4th 1323, 1334 (11th Cir. 2025); *Singh v. U.S. Attorney General*, 945 F.3d 1310, 1314 (11th Cir. 2019). While this principle is not absolute, "when there is an irreconcilable conflict between two statutes, 'the specific governs the general.'" *Daniels*, 34 F.4th at 1271 (internal citations omitted). Tax Ct. R. 248(b)(4) is the specific provision addressing partners who object to a settlement after the Tax Ct. R. 245(b) window has closed. Tax Ct. R. 245(c)'s general "sufficient

cause" standard for out-of-time participation cannot override the specific procedure Tax Ct. R. 248(b)(4) provides for this exact situation.

The Notes to the 1988 Amendments describe Tax Ct. R. 248(b)(4)'s purpose: "The procedure is operative only after the expiration of the time within which a party may file a notice of election ... to participate under Tax Ct. R. 245(a) or (b), respectively...." 90 T.C. 1376. This language is unambiguous: Tax Ct. R. 248(b)(4) was designed specifically for partners who did not participate during the Tax Ct. R. 245(b) window.

The Tax Court Rules establish a coherent structure with distinct pathways for distinct procedural moments. Tax Ct. R. 245(b) allows participation as of right within 90 days of the petition's service. Tax Ct. R. 245(c) allows out-of-time participation upon "a showing of sufficient cause." Tax Ct. R. 248(b)(4) provides a separate pathway when the Commissioner moves for entry of decision based on a settlement—a 60-day window to object, with no stated standard in the rule text. Each rule addresses a different situation.

Appellants invoked Tax Ct. R. 248(b)(4) when it became operative—after the Commissioner moved for entry of decision—and filed within its 60-day deadline. They were not late under the applicable rule. The Tax Court's criticism that they should have participated under Tax Ct. R. 245(b) ignores that Tax Ct. R. 248(b)(4) exists precisely for their situation.

If Tax Ct. R. 245(b) participation were always required, Tax Ct. R. 248(b)(4) would serve no purpose. Its 60-day deadline would be meaningless because partners could never use it—they would already be barred for missing the Tax Ct. R. 245(b) window. This interpretation violates the canon against surplusage. Tax Ct. R. 248(b)(4) must be given independent meaning, which means partners who invoke it cannot be faulted for not using Tax Ct. R. 245(b) instead.

Because Tax Ct. R. 248(b)(4) exists for partners who did not participate earlier, and because Appellants filed timely under its 60-day deadline, the Tax Court erred in basing its decision to deny the partners' participation on the timing of their notices to participate and accompanying motions for leave.

## B. TEFRA's Legislative Design Contemplates Partner Reliance on the TMP Until Representation Fails

Partners are entitled to rely on the Tax Matters Partner to represent their interests throughout TEFRA proceedings. Faulting Appellants for not participating earlier—when they were entitled to rely on the TMP—contradicts TEFRA's legislative design.

TEFRA's partnership provisions "centralized the treatment of partnership taxation issues and ensured equal treatment of partners." *Monahan v. Comm'r*, 321 F.3d 1063 (11th Cir. 2003). The purpose was "to enhance the efficiency of partnership taxation" by avoiding "duplication of administrative and judicial resources." *Cambridge Partners, L.P. v. Comm'r*, T.C. Memo. 2017-194, at 4

(2017). "In the execution of these responsibilities a tax matters partner acts as a fiduciary." *Transpac*, 147 F.3d at 225.

Tax Ct. R. 248(c) expressly provides a mechanism for the TMP to settle while allowing objecting partners to continue litigation. As the Tax Court explained in *Prince Manor Apartment Assocs. v. Commissioner*, T.C. Dkt. No. 23574-06 (Order filed Dec. 3, 2008), "if one or more of the partners objects to any settlement reached by the IRS and the TMP, they can file objections and motions for leave to participate at that time; and if their motions to participate are granted, the objecting partners would in effect take over the litigation from the settling TMP." This demonstrates that TEFRA and the Tax Court Rules contemplate partner objection at the settlement stage—Tax Ct. R. 248(b)(4) is not an aberration to be discouraged but a designed safety valve for situations exactly like this one.

In *United Airlines, Inc.*, 432 U.S. 385, the Supreme Court addressed analogous circumstances. A class member in a class action suit had relied on named plaintiffs to represent her interests throughout the litigation, then sought to intervene when a settlement no longer protected her interests. *See id.* The Court held this was proper. The "critical fact" regarding timeliness was that she "moved to intervene as soon as her interests would no longer be protected by the class representative." *Id.* at 394. The Court recognized that class members are entitled to rely on representatives until that representation fails. *Id.*

Tax Ct. R. 248(b)(4) codifies this principle in the TEFRA context. It provides a mechanism for partners to protect their interests when the TMP's representation fails at the settlement stage. The rule's existence reflects TEFRA's recognition that partners may reasonably rely on the TMP—and should have a remedy when that reliance proves misplaced.

Appellants acted precisely as *United Airlines* contemplates: they relied on the TMP to represent partnership interests, and they moved to participate as soon as the TMP consented to a settlement that did not represent their interests. They filed within Tax Ct. R. 248(b)(4)'s 60-day deadline—the procedure the Tax Court Rules provide for exactly this situation.

The Tax Court's interpretation would require partners to elect into every TEFRA proceeding immediately, defeating TEFRA's efficiency goals. If partners cannot rely on the TMP without forfeiting their participation rights, they must participate from day one—eliminating the benefits of centralized representation that TEFRA was designed to achieve. Because TEFRA contemplates partner reliance on the TMP, and because Appellants acted promptly when that reliance failed, the Tax Court erred in its rationale for denying the partners by faulting them for not participating earlier.

## C. 26 U.S.C. § 6226(c) (2017) Provides an Unqualified Statutory Right to Participate

Section 6226(c) grants partners an unqualified statutory right to participate. The Tax Court cannot impose conditions Congress did not include. Section 6226(c) provides: "(1) each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and (2) the court having jurisdiction of such action shall allow each such person to participate in the action." The word "shall" is mandatory. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) ("When the statute's language is plain, the sole function of the courts ... is to enforce it according to its terms.").

This Court has already confirmed that indirect partners—like Appellants, who hold their interest in Blomquist Holdings through Crestlawn—qualify as "partners" entitled to these statutory protections. In *Sarma v. Commissioner*, 45 F.4th 1312, 1325 (11th Cir. 2022), this Court held that an indirect partner was a party to the partnership proceeding under § 6226(c). The Court explained that 26 U.S.C. § 6231(a)(2) (2017) defines "partner" to include "*any* other person whose income tax liability ... is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership." *Id.* (emphasis added). Critically, the Court recognized that "the expansive definition of 'partner' and permitting all 'partners' notice and participation rights ensures that those whose tax liability is affected by partnership-level proceedings receive due process." *Id.* (quoting

*Callaway v. Comm'r*, 231 F.3d 106, 110 (2d Cir. 2000)). Appellants' tax liability will be directly affected by the outcome of this proceeding—the settlement disallows $53,830,000 of deductions that flow through to them. Under *Sarma*, they are "partners" within § 6226(c)'s scope.

This Court has recognized the distinction between participation as of right and permissive intervention. In *Huff*, this Court reversed the Tax Court's denial of intervention, holding that "novelty is [not] a sufficient justification to deny" participation when the party would otherwise "be denied the opportunity to participate in any judicial determination" affecting its interests. 743 F.3d at 801. The Court found it dispositive that "the timing of the IRS's enforcement efforts against these Taxpayers has effectively closed off all other venues" for the would-be intervenor. *Id.* So too here: if Appellants cannot participate now, they have no other avenue for judicial review—the settling parties will not appeal their agreed outcome, and Appellants cannot appeal a judgment to which they are not parties.

Section 6226(c) uses mandatory language: partners "shall be treated as a party" and the court "shall allow" participation. This is not permissive intervention subject to discretion—it is participation as of right. Appellants are not applicants seeking discretionary permission; they are statutory parties whom the court is directed to allow to participate.

The Tax Court erred by treating Appellants' statutory right as if it were a request for discretionary permission subject to a "substantial showing." Section 6226(c)(2) contains no qualifications, special showings, or demonstrations of necessity. The Tax Court cannot impose conditions Congress did not include.

Because § 6226(c) grants partners an unqualified right to participate, and because the Tax Court imposed conditions the statute does not authorize, the Tax Court's denial should be reversed.

## III. Even If a "Substantial Showing" Were Required, Appellants Satisfied That Standard.

Even assuming Tax Ct. R. 248(b)(4) requires a "substantial showing"—which it does not—Appellants made that showing. The Tax Court's own opinion recites Appellants' evidence without disputing any of it, then denies participation based on a mischaracterization of the record and legal error. Reversal is required.

### A. The "Substantial Showing" Standard Requires Genuine Commitment to Litigate, Not Proof of the Merits

The "substantial showing" standard, as articulated in Tax Court precedent, distinguishes partners with genuine interest in litigating the merits from those pursuing procedural gamesmanship. In *Oceanic Leasing Co.*, the Tax Court denied participation where the partner's motion "did not set forth any independent statements to show [his] preparedness to litigate the case on the merits." T.C.M. 1996-458 at 6. That partner—a single individual—sought to challenge the Tax

Court's personal jurisdiction over him, disclosed no ownership percentage, retained no counsel, engaged no experts, and made no preparations for trial. His motion reflected no genuine interest in the substantive dispute.

More recently, in *Chimney Rock Holdings, LLC v. Commissioner*, T.C.M. 2025-39, the Tax Court identified factors bearing on whether partners made a substantial showing: ownership percentage, efforts to participate or request information, explanation for timing, whether partners alleged the settlement was unreasonable, and whether partners made arguments on the substantive facts. T.C.M. 2025-39, at 7–8 (2025). The partners in *Chimney Rock* held only 5.77%—a "small minority"—made "no effort to request documents or information," "gave no explanation" for their timing, and made "no argument regarding the substantive facts." *Id.*

Together, these cases establish that the standard asks whether partners have demonstrated genuine preparedness to litigate—not whether they have already proven their case.

**B. Appellants Far Exceeded That Standard**

The Tax Court's opinion cataloged Appellants' evidence: they "retained experienced tax counsel, formed a special purpose LLC to coordinate the logistics and financing of the litigation, timely filed their Notices of Election to Participate, explicitly stated their objection to the proposed settlement as inadequate,

acknowledged and accepted the risks of litigation, demonstrated their readiness to proceed to trial, and engaged qualified experts who will testify regarding the proper valuation of the conservation easement." *Blomquist Holdings, LLC v. Comm'r*, 165 T.C. 6, at 11 (2025). The court never questioned these facts—it accepted them as true and still found them insufficient. *Id.*

Measured against *Chimney Rock*, Appellants' showing is comprehensive. On ownership, *Chimney Rock* partners held 5.77%; the original putative partners held 21.4%—nearly four times greater. On efforts to participate, *Chimney Rock* partners made no effort; Appellants formed a special purpose entity, retained counsel, and engaged valuation experts. T.C.M. 2025-39, at 6–8. On timing, *Chimney Rock* partners gave no explanation; Appellants reasonably relied on TMP representation until the settlement revealed the TMP would not adequately represent their interests. *Id.* On allegations of unreasonableness, *Chimney Rock* partners made none; Appellants stated the settlement "does not adequately represent [their] position" (Doc. 201) and "[e]xplicitly stated their objection to the proposed settlement as inadequate" (Doc. 328). *Id.* On substantive arguments, *Chimney Rock* partners made none; Appellants ratified the TMP's petition arguing the valuation was correct (Doc. 201), stated a "substantive objection to the proposed settlement value" (Doc. 329), and engaged valuation experts to support that position. *Id.*

Appellants' commitment to litigate is genuine. Originally 39 partners holding a collective 21.413% ownership with significant financial exposure sought to participate. (Doc. 329 at 18 n.13). They formed a special purpose LLC devoted to prosecuting the case—the opposite of casual participation. They "acknowledged and accepted the risks of litigation," *id.*, including outcomes worse than the settlement. They engaged qualified valuation experts, *id.*, and each Appellant stated they are "prepared for this Case to be set for trial in Atlanta, Georgia and to go forward" (Doc. 201).

Beyond logistical preparations, Appellants took substantive positions on the merits. Each Appellant expressly adopted the TMP's petition (Doc. 201)—not a procedural formality, but an adoption of the petition's substantive position that the $53,862,117 deduction was correct. By ratifying that petition, Appellants adopted the argument that the original valuation was valid—an argument "regarding the substantive facts of the case." They stated the settlement "does not adequately represent [their] position" (Doc. 201), that they "[e]xplicitly stated their objection to the proposed settlement as inadequate" (Doc. 328), and that they have a "substantive objection to the proposed settlement value" (Doc. 329).

## C. The Tax Court's Denial Rests on Mischaracterization of the Record and Legal Error

The Tax Court held that Appellants "have not alleged that the terms of the settlement are unreasonable or otherwise made any argument regarding the

substantive facts of the case" and that "[t]here is no indication that the Objecting Nonparticipating Partners have any evidence to show that the settlement amount is unreasonable." *Blomquist,* 165 T.C. at 11. This characterization is irreconcilable with the record.

The record shows Appellants ratified the TMP's petition arguing the $53,862,117 deduction was correct (Doc. 201), stated the settlement "does not adequately represent [their] position" (*id.*), "[e]xplicitly stated their objection to the proposed settlement as inadequate" (Doc. 328), asserted a "substantive objection to the proposed settlement value" (Doc. 329), and engaged valuation experts to support their position. Ratifying a petition that argues the valuation was correct *is* an argument on the substantive facts. The Tax Court's finding that Appellants made "no argument regarding the substantive facts" cannot be squared with this record.

The Tax Court also conflated participation with prevailing. What Appellants have not done is *prove* their valuation at trial. But that is what participation and trial are for. Appellants cannot present valuation evidence, cross-examine experts, or develop the factual record without first being permitted to participate. The "substantial showing" standard asks whether partners are *prepared* to litigate, not whether they have already *won*.

The Tax Court further presumed the merits against Appellants without any evidentiary basis. It cited the settlement's ostensible benefits—a reduced penalty,

additional deductions, avoidance of the § 67 floor—as if these establish reasonableness. *Id.* But no expert witness reports have been presented to the court on whether the settlement value is reasonable. Neither the Commissioner nor the TMP submitted expert testimony or valuation appraisals. In valuation cases, "[w]hen both parties adduce testimony and offer exhibits supporting their respective positions," the Tax Court "base[s] [its] conclusions upon the preponderance of the evidence rather than an allocation of the burden of proof." *Estate of Mitchell v. Comm'r*, T.C. Memo. 2011-94, at 5 (2011). Here, there is no evidentiary record on valuation—no expert testimony, no authenticated appraisals, no exhibits. Without expert evidence, the Tax Court had no basis beyond its own lay opinion to conclude that a settlement disallowing $53,830,000 of a $53,862,117 deduction was "reasonable." The court cannot presume the merits against Appellants as a basis for denying them the opportunity to develop the very evidentiary record the court would need for a proper valuation determination.

Finally, to the extent the Tax Court relied on *Chimney Rock*'s factors, doing so was inequitable. Appellants filed their motions beginning August 19, 2024. *Chimney Rock* was decided May 1, 2025—more than eight months later. Retroactive application of new legal standards is disfavored where it would "impose new duties with respect to transactions already completed." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 245 (1994); *see Sunshine*, 143 F.4th 1331 at 1346-47. Importing

requirements that did not exist when Appellants filed—and then faulting them for failing to satisfy those requirements—violates basic principles of fair notice. Regardless, even under *Chimney Rock*, Appellants satisfy every factor.

If retaining experienced counsel, forming a litigation entity, engaging valuation experts, accepting the risk of adverse outcomes, ratifying the TMP's petition, explicitly objecting to the settlement, stating a substantive objection to the settlement value, and declaring trial readiness do not constitute a "substantial showing," then the standard is a bar no partner can clear. Such an interpretation would nullify Tax Ct. R. 248(b)(4) and extinguish the statutory participation rights Congress conferred in § 6226(c). The Tax Court's denial should be reversed.

Whatever the Tax Court's reasons for denying participation, this Court held in *Huff* that "novelty is [not] a sufficient justification to deny" participation when a party would otherwise "be denied the opportunity to participate in any judicial determination" affecting its interests. 743 F.3d at 801. That is precisely Appellants' situation: if denied participation now, they have no other avenue for review. The settling parties will not appeal their agreed outcome, and Appellants cannot appeal a judgment to which they are not parties.

## Conclusion

The Tax Court's denial of Appellants' motions for leave to participate cannot withstand *de novo* review. The court imposed a "substantial showing" requirement

that appears nowhere in Tax Ct. R. 248(b)(4)'s text—derived solely from an advisory note that, under *Ballard v. Commissioner*, cannot create binding obligations. Appellants satisfied the rule's only three requirements: who may file, when, and what form to use.

The Tax Court compounded this error by faulting Appellants for not participating earlier under Tax Ct. R. 245(b)—even though Tax Ct. R. 248(b)(4) exists precisely for partners who did not participate during that window. Penalizing Appellants for using the very procedure the Rules provide renders Tax Ct. R. 248(b)(4) superfluous and defeats TEFRA's design, which contemplates partner reliance on the Tax Matters Partner until that representation fails.

Appellants are not third-party intervenors seeking discretionary admission. They are statutory parties under § 6226(c), and this Court's decision in *Sarma*, confirms that indirect partners qualify as "partners" entitled to participation rights that ensure due process. 45 F.4th at 1325. The statute's directive that the court "shall allow" participation leaves no room for judicially created gatekeeping.

Finally, even if a "substantial showing" were required, Appellants made one—retaining experienced counsel, forming a litigation entity, engaging valuation experts, and articulating substantive objections to the settlement. The Tax Court's contrary finding is irreconcilable with the record.

For these reasons, the Tax Court's September 18, 2025 Order should be reversed and this matter remanded with instructions to grant Appellants' motions for leave to participate.


Respectfully submitted,


Ryan C. Pulver
PULVER LAW LLC
1360 Peachtree Street NE, Suite 900
Atlanta, Georgia 30309
Telephone: (470) 851-3363
Email: ryan@pulver-law.com


Counsel for Appellants


Dated: January 20, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 8,249 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century font.


Ryan C. Pulver
PULVER LAW LLC
1360 Peachtree Street NE, Suite 900
Atlanta, Georgia 30309
Telephone: (470) 851-3363
Email: ryan@pulver-law.com
Counsel for Appellants


Dated: January 20, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notification of such

filing to all registered CM/ECF users.


Ryan C. Pulver
PULVER LAW LLC
1360 Peachtree Street NE, Suite 900
Atlanta, Georgia 30309
Telephone: (470) 851-3363
Email: ryan@pulver-law.com
Counsel for Appellants

# Fed. R. App. P. 28(f) Addendum

---

United States Code Annotated
    Title 26. Internal Revenue Code (Refs & Annos)
        Subtitle F. Procedure and Administration (Refs & Annos)
            Chapter 63. Assessment
                Subchapter C. Tax Treatment of Partnership Items (Refs & Annos)

This section has been updated. Click here for the updated version.

26 U.S.C.A. § 6226, I.R.C. § 6226

§ 6226. Judicial review of final partnership administrative adjustments

Effective: August 5, 1997 to December 31, 2017

**(a) Petition by tax matters partner.**--Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with--

**(1)** the Tax Court,

**(2)** the district court of the United States for the district in which the partnership's principal place of business is located, or

**(3)** the Court of Federal Claims.

**(b) Petition by partner other than tax matters partner.--**

**(1) In general.**--If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

**(2) Priority of the Tax Court action.**--If more than 1 action is brought under paragraph (1) with respect to any partnership for any partnership taxable year, the first such action brought in the Tax Court shall go forward.

**(3) Priority outside the Tax Court.**--If more than 1 action is brought under paragraph (1) with respect to any partnership for any taxable year but no such action is brought in the Tax Court, the first such action brought shall go forward.

**(4) Dismissal of other actions.**--If an action is brought under paragraph (1) in addition to the action which goes forward under paragraph (2) or (3), such action shall be dismissed.

**(5) Treatment of premature petitions.**--If--

---

**(A)** a petition for a readjustment of partnership items for the taxable year involved is filed by a notice partner (or a 5-percent group) during the 90-day period described in subsection (a), and

**(B)** no action is brought under paragraph (1) during the 60-day period described therein with respect to such taxable year which is not dismissed,

such petition shall be treated for purposes of paragraph (1) as filed on the last day of such 60-day period.

**(6) Tax matters partner may intervene.**--The tax matters partner may intervene in any action brought under this subsection.

**(c) Partners treated as parties.**--If an action is brought under subsection (a) or (b) with respect to a partnership for any partnership taxable year--

**(1)** each person who was a partner in such partnership at any time during such year shall be treated as a party to such action, and

**(2)** the court having jurisdiction of such action shall allow each such person to participate in the action.

**(d) Partner must have interest in outcome.**--

**(1) In order to be party to action.**--Subsection (c) shall not apply to a partner after the day on which--

**(A)** the partnership items of such partner for the partnership taxable year became nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, or

**(B)** the period within which any tax attributable to such partnership items may be assessed against that partner expired.

Notwithstanding subparagraph (B), any person treated under subsection (c) as a party to an action shall be permitted to participate in such action (or file a readjustment petition under subsection (b) or paragraph (2) of this subsection) solely for the purpose of asserting that the period of limitations for assessing any tax attributable to partnership items has expired with respect to such person, and the court having jurisdiction of such action shall have jurisdiction to consider such assertion.

**(2) To file petition.**--No partner may file a readjustment petition under subsection (b) unless such partner would (after the application of paragraph (1) of this subsection) be treated as a party to the proceeding.

**(e) Jurisdictional requirement for bringing action in district court or Court of Federal Claims.**--

**(1) In general.**--A readjustment petition under this section may be filed in a district court of the United States or the Court of Federal Claims only if the partner filing the petition deposits with the Secretary, on or before the day the petition is filed, the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return

were made consistent with the treatment of partnership items on the partnership return, as adjusted by the final partnership administrative adjustment. In the case of a petition filed by a 5-percent group, the requirement of the preceding sentence shall apply to each member of the group. The court may by order provide that the jurisdictional requirements of this paragraph are satisfied where there has been a good faith attempt to satisfy such requirements and any shortfall in the amount required to be deposited is timely corrected.

**(2) Refund on request.**--If an action brought in a district court of the United States or in the Court of Federal Claims is dismissed by reason of the priority of a Tax Court action under paragraph (2) of subsection (b), the Secretary shall, at the request of the partner who made the deposit, refund the amount deposited under paragraph (1).

**(3) Interest payable.**--Any amount deposited under paragraph (1), while deposited, shall not be treated as a payment of tax for purposes of this title (other than chapter 67).

**(f) Scope of judicial review.**--A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates, the proper allocation of such items among the partners, and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item.

**(g) Determination of court reviewable.**--Any determination by a court under this section shall have the force and effect of a decision of the Tax Court or a final judgment or decree of the district court or the Court of Federal Claims, as the case may be, and shall be reviewable as such. With respect to the partnership, only the tax matters partner, a notice partner, or a 5-percent group may seek review of a determination by a court under this section.

**(h) Effect of decision dismissing action.**--If an action brought under this section is dismissed (other than under paragraph (4) of subsection (b)), the decision of the court dismissing the action shall be considered as its decision that the notice of final partnership administrative adjustment is correct, and an appropriate order shall be entered in the records of the court.

## CREDIT(S)

(Added Pub.L. 97-248, Title IV, § 402(a), Sept. 3, 1982, 96 Stat. 653; amended Pub.L. 97-448, Title III, § 306(c)(1)(A), Jan. 12, 1983, 96 Stat. 2406; Pub.L. 102-572, Title IX, § 902(b)(2), Oct. 29, 1992, 106 Stat. 4516; Pub.L. 105-34, Title XII, §§ 1238(b)(1), 1239(b), 1240(a), Aug. 5, 1997, 111 Stat. 1026, 1027, 1028.)

## REPEAL AND REENACTMENT OF SECTION

<Pub.L. 114-74, § 1101(a), (c)(1), (g), Nov. 2, 2015, 129 Stat. 625, 630, 638; amended Pub.L. 114-113, Div. Q, Title IV, § 411(b)(1), (e), Dec. 18, 2015, 129 Stat. 3122, repealed and reenacted this section, applicable to returns filed for partnership taxable years beginning after Dec. 31, 2017, with certain exceptions, to read:>

<**§ 6226. Alternative to payment of imputed underpayment by partnership**>

<**(a) In general.**--If the partnership-->

    <**(1)** not later than 45 days after the date of the notice of final partnership adjustment, elects the application of this section with respect to an imputed underpayment, and>

<**(2)** at such time and in such manner as the Secretary may provide, furnishes to each partner of the partnership for the reviewed year and to the Secretary a statement of the partner's share of any adjustment to income, gain, loss, deduction, or credit (as determined in the notice of final partnership adjustment), >

<section 6225 shall not apply with respect to such underpayment and each such partner shall take such adjustment into account as provided in subsection (b). The election under paragraph (1) shall be made in such manner as the Secretary may provide and, once made, shall be revocable only with the consent of the Secretary.>

<**(b) Adjustments taken into account by partner.**-->

<**(1) Tax imposed in year of statement.**--Each partner's tax imposed by chapter 1 for the taxable year which includes the date the statement was furnished under subsection (a) shall be increased by the aggregate of the adjustment amounts determined under paragraph (2) for the taxable years referred to therein.>

<**(2) Adjustment amounts.**--The adjustment amounts determined under this paragraph are-->

<**(A)** in the case of the taxable year of the partner which includes the end of the reviewed year, the amount by which the tax imposed under chapter 1 would increase if the partner's share of the adjustments described in subsection (a) were taken into account for such taxable year, plus>

<**(B)** in the case of any taxable year after the taxable year referred to in subparagraph (A) and before the taxable year referred to in paragraph (1), the amount by which the tax imposed under chapter 1 would increase by reason of the adjustment to tax attributes under paragraph (3).>

<**(3) Adjustment of tax attributes.**--Any tax attribute which would have been affected if the adjustments described in subsection (a) were taken into account for the taxable year referred to in paragraph (2)(A) shall-->

<**(A)** in the case of any taxable year referred to in paragraph (2)(B), be appropriately adjusted for purposes of applying such paragraph, and>

<**(B)** in the case of any subsequent taxable year, be appropriately adjusted.>

<**(c) Penalties and interest.**-->

<**(1) Penalties.**--Notwithstanding subsections (a) and (b), any penalties, additions to tax, or additional amount shall be determined as provided under section 6221 and the partners of the partnership for the reviewed year shall be liable for any such penalty, addition to tax, or additional amount.>

<**(2) Interest.**--In the case of an imputed underpayment with respect to which the application of this section is elected, interest shall be determined-->

<**(A)** at the partner level,>

<**(B)** from the due date of the return for the taxable year to which the increase is attributable (determined by taking into account any increases attributable to a change in tax attributes for a taxable year under subsection (b)(2)), and>

<**(C)** at the underpayment rate under section 6621(a)(2), determined by substituting "5 percentage points" for "3 percentage points" in subparagraph (B) thereof.>

<**(d) Judicial review.**--For the time period within which a partnership may file a petition for a readjustment, see section 6234(a). >

26 U.S.C.A. § 6226, 26 USCA § 6226
Current through P.L. 119-59. Some statute sections may be more current, see credits for details.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

 © 2026 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated

  Rules of Practice and Procedure of the United States Tax Court

    Title XXIV. Tefra Partnership Actions

Tax Court Rule 248, 26 U.S.C.A., I.R.C. Rule 248

Rule 248. Settlement Agreements

Currentness

**(a) Consent by the Tax Matters Partner to Entry of Decision.** A stipulation consenting to entry of decision executed by the tax matters partner and filed with the Court shall bind all parties. The signature of the tax matters partner constitutes a certificate by the tax matters partner that no party objects to entry of decision. See Rule 251.

**(b) Settlement or Consistent Agreements Entered Into by All Participating Partners or No Objection by Participating Partners.**

**(1)** After the expiration of the time within which to file a notice of election to intervene or to participate under Rule 245(a) or (b), the Commissioner shall move for entry of decision, and shall submit a proposed form of decision with such motion, if--

**(A)** all of the participating partners have entered into a settlement agreement or consistent agreement with the Commissioner, or all of such partners do not object to the granting of the Commissioner's motion for entry of decision, and

**(B)** the tax matters partner (if a participating partner) agrees to the proposed decision in the case but does not certify that no party objects to the granting of the Commissioner's motion for entry of decision.

**(2)** Within 3 days from the date on which the Commissioner's motion for entry of decision is filed with the Court, the Commissioner shall serve on the tax matters partner a certificate showing the date on which the Commissioner's motion was filed with the Court.

**(3)** Within 3 days after receiving the Commissioner's certificate, the tax matters partner shall serve on all other parties to the action other than the participating partners, a copy of the Commissioner's motion for entry of decision, a copy of the proposed decision, a copy of the Commissioner's certificate showing the date on which the Commissioner's motion was filed with the Court, and a copy of this Rule.

**(4)** If any party objects to the granting of the Commissioner's motion for entry of decision, then that party shall, within 60 days from the date on which the Commissioner's motion was filed with the Court, file a motion for leave to file a notice of election to intervene or to participate, accompanied by a separate notice of election to intervene or a separate notice of election to participate, as the case may be. If no such motion is filed with the Court within such period, or if the Court should deny such motion, then the Court may enter the proposed decision as its decision in the partnership action. See Code secs. 6226(f), 6228(a)(5); see also Rule 245, relating to intervention and participation, and Rule 251, relating to decisions.

**(c) Other Settlement and Consistent Agreements.** If a settlement agreement or consistent agreement is not within the scope of paragraph (b) of this Rule, then--

**(1)** in the case of a participating partner, the Commissioner shall promptly file with the Court a notice of settlement agreement or notice of consistent agreement, whichever may be appropriate, that identifies the participating partner or partners who have entered into the settlement agreement or consistent agreement; and

**(2)** in the case of any partner who enters into a settlement agreement, the Commissioner shall, within 7 days after the settlement agreement is executed by both the partner and the Commissioner, serve on the tax matters partner a statement which sets forth--

**(A)** the identity of the party or parties to the settlement agreement and the date of the agreement;

**(B)** the year or years to which the settlement agreement relates; and

**(C)** the terms of the settlement as to each partnership item and the allocation of such items among the partners.

Within 7 days after receiving the statement required by this subparagraph, the tax matters partner shall serve on all parties to the action a copy of such statement.

**CREDIT(S)**
(As amended Aug. 1, 1998, eff. Aug. 1, 1998; Nov. 15, 2002.)

Notes of Decisions (1)

Tax Court Rule 248, 26 U.S.C.A., TAX CT Rule 248
Including Amendments Received Through 12/1/2025

  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.  2

United States Code Annotated
    Rules of Practice and Procedure of the United States Tax Court
        Title XXIV. Tefra Partnership Actions

Tax Court Rule 245, 26 U.S.C.A., I.R.C. Rule 245

Rule 245. Intervention and Participation

Currentness

**(a) Tax Matters Partner.** The tax matters partner may intervene in an action for readjustment of partnership items brought by another partner or partners by filing a notice of election to intervene with the Court. Such notice shall state that the intervenor is the tax matters partner and shall be filed within 90 days from the date of service of the petition by the Clerk on the Commissioner. See Code sec. 6226(b)(2); Rule 241(d)(3).

**(b) Other Partners.** Any other partner who satisfies the requirements of Code section 6226(d) or 6228(a)(4)(B) may participate in the action by filing a notice of election to participate with the Court. Such notice shall set forth facts establishing that such partner satisfies the requirements of Code section 6226(d) in the case of an action for readjustment of partnership items or Code section 6228(a)(4)(B) in the case of an action for adjustment of partnership items and shall be filed within 90 days from the date of service of the petition by the Clerk on the Commissioner. A single notice may be filed by two or more partners; however, each such partner must satisfy all requirements of this paragraph in order for the notice to be treated as filed by or for that partner.

**(c) Enlargement of Time.** The Court may grant leave to file a notice of election to intervene or a notice of election to participate out of time upon a showing of sufficient cause.

**(d) Pleading.** No assignment of error, allegation of fact, or other statement in the nature of a pleading shall be included in a notice of election to intervene or notice of election to participate. As to the form and content of a notice of election to intervene and a notice of election to participate, see Appendix I, Forms 11 and 12, respectively.

**(e) Amendments to the Petition.** A party other than the petitioner who is authorized to raise issues not raised in the petition may do so by filing an amendment to the petition. Such an amendment may be filed, without leave of Court, at any time within the period specified in Rule 245(b). Otherwise, such an amendment may be filed only by leave of Court. See Rule 36(a) for time for responding to amendments to the petition.

**CREDIT(S)**

(As amended Aug. 1, 1998, eff. Aug. 1, 1998; Nov. 15, 2002.)

Tax Court Rule 245, 26 U.S.C.A., TAX CT Rule 245
Including Amendments Received Through 12/1/2025

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

# FORM 12

## NOTICE OF ELECTION TO PARTICIPATE
### (Action for Readjustment of Partnership Items)

(See Rule 245.)

*www.ustaxcourt.gov*

### UNITED STATES TAX COURT

ABC Partnership, Mary Doe,
Tax Matters Partner,
Petitioner
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent

} Docket No.

### NOTICE OF ELECTION TO PARTICIPATE

Richard Roe hereby elects to participate, pursuant to section 6226(c)(2), I.R.C. 1986, and Rule 245(b), Tax Court Rules of Practice and Procedure, in the above-entitled action for readjustment of partnership items.

Richard Roe satisfies the requirements of section 6226(d), I.R.C. 1986, because he was a partner during the applicable period(s) for which readjustment of partnership items is sought and, if such readjustment is made, the tax attributable to such partnership items may be assessed against him.

Dated: ...........................

...........................................................
Richard Roe
Present Address—City, State,
ZIP Code, Telephone No.
(including Area Code)

Dated: ...........................

...........................................................
Counsel for Richard Roe
Present Address—City, State,
ZIP Code, Telephone No.
(including Area Code)
Tax Court Bar No.

(7/6/12)